**In re Jack CANNON, Debtor.**

**Bankruptcy No. 91–23095.**

United States Bankruptcy Court,
W.D. New York.

June 23, 1992.

DECISION AND ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

On November 6, 1991 the debtor, Jack Cannon (the "Debtor"), filed a petition initiating a Chapter 11 case. Previously on October 30, 1991 Cannon Industries, Inc., a corporation of which the Debtor is a principal, had also filed a petition initiating a Chapter 11 case which is still pending in this Court. By motion dated December 16, 1991 and made returnable January 13, 1992 the United States Trustee for the Western District of New York (the "United States Trustee") made a motion pursuant to 11 U.S.C. § 1112(b) to convert or dismiss the Debtor's case. The motion indicated that

---

the Debtor had failed to appear at an initial debtor conference scheduled with the United States Trustee on November 26, 1991 and had failed to appear at two initial Section 341 meetings of creditors scheduled for December 10 and December 12, 1991. The motion further advised the Court that the Debtor had failed to comply with a number of requests by the United States Trustee to provide information relating to the Debtor's financial affairs as required by the Bankruptcy Code, this Bankruptcy Court or the guidelines of the Office of the United States Trustee.

The motion to convert or dismiss was adjourned six separate times. During these adjournments it is clear that the Office of the United States Trustee made numerous attempts to work with the Debtor and his attorney to obtain the information necessary for the Debtor to be in compliance with the requirements of the Bankruptcy Code and this Court and the guidelines of the Office of the United States Trustee so that his case could properly progress. From reports periodically made to the Court on the adjourned dates of the motion to convert or dismiss, it is clear that complete and timely cooperation by the Debtor was never forthcoming.

Prior to June 15, 1992 when the motion was again to be heard, the United States Trustee filed a Supplemental June 9, 1992 Affirmation renewing the motion to convert or dismiss and setting forth further and continuing grounds. The Supplemental Affirmation indicated that the Debtor once again failed to appear for an adjourned Section 341 meeting of creditors on June 2, 1992, even though at that meeting representatives were present from the Office of the United States Trustee and Chase Lincoln First Bank, N.A. ("Chase Lincoln") and the National Labor Relations Board ("NLRB"), creditors of the Debtor. The Supplemental Affirmation further indicated that the Debtor was not current in filing his monthly cash flow reports required by this Court and had failed to provide several other items of information and documentation required to be received by certain dates.

On June 15, 1992 at the adjourned hearing on the motion to convert or dismiss the Debtor's attorney appeared and advised that all of the required information and documentation would be supplied. He also confirmed that the Debtor's principal reason for filing, if not his sole reason, was to obtain the benefit of the automatic stay to prevent actions against him by such creditors as Chase Lincoln and the NLRB to collect on his guaranties of various obligations of Cannon Industries, Inc. The NLRB also appeared and filed an affirmation in support of the motion to convert or dismiss.

It is clear from the history of this case that the Debtor has failed to take seriously the requirements of the Bankruptcy Code and this Bankruptcy Court and the guidelines of the Office of the United States Trustee. As a result, he has prejudiced his creditors. They have wasted valuable time to appear at adjourned meetings of creditors where the Debtor has failed to appear and they have not been able to get important information they are entitled to in a timely fashion because the Debtor has failed to provide that information. In addition, the Debtor's continuing failure to comply with the requirements has resulted in a substantial amount of the time of this Court and the United States Trustee having been taken up unnecessarily. This is at a time when the resources of the Court and the United States Trustee are strained by an enormous caseload generated by a continuing national recession.

The Debtor wants the benefits of the extraordinary rights and remedies provided by the Bankruptcy Code to protect him from his legitimate obligations to creditors, yet he has continually failed to comply with the requirements of the bankruptcy system he wants to take advantage of.

This Court believes that the Office of the United States Trustee in an appropriate case such as this should be fully supported when it moves for conversion or dismissal in the advancement of the interests of the Bankruptcy Courts and the United States Trustee in the administration of bankruptcy proceedings and in the prevention of

abuse of the bankruptcy process. *See In re A-1 Trash Pickup, Inc.*, 802 F.2d 774, 776 (4th Cir.1986).

The Court believes that the Debtor has numerous rights and remedies outside the bankruptcy system to deal with the obligations of Cannon Industries, Inc. which he has guaranteed, and that the interests of his creditors, including the NLRB, would be best served by a dismissal rather than by a conversion of this case.

Based on the pleadings and the several hearings held before this Court on the motion of the United States Trustee, this Court finds that the conduct of the Debtor constitutes cause for the dismissal of his case both as contemplated by Section 1112(b) and because there has been unreasonable delay by the Debtor that has been prejudicial to his creditors within the meaning of Section 1112(b)(3).

DISMISSAL IS SO ORDERED.